```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT


MARINA A. CARTER,                     :
                                      :
        Plaintiff,                    :
                                      :   Case No. 2:14-cv-46
     v.                               :
                                      :
CAROLYN W. COLVIN,                    :
Acting Commissioner, Social           :
Security Administration               :
                                      :
        Defendant.                    :
```

## ORDER

The Report and Recommendation of the United States Magistrate Judge was filed December 11, 2014. Plaintiff's objections were filed December 29, 2014.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Cullen*, 194 F.3d at 405.

After careful review of the file, the Magistrate Judge's Report and Recommendation, and the objections, this Court **ADOPTS** the Magistrate Judge's recommendations in full. The Court notes that the Plaintiff has objected to the

Magistrate Judge's characterization of the relationship between a claimant's onset date and date last insured ("DLI"). It is true that the authorities cited by the Magistrate Judge require a claimant's onset date to predate or equal her DLI and do not necessarily require a claimant to prove that she retained the capacity to work but then lost it on a particular date. To receive benefits the Plaintiff must demonstrate that on or before her DLI, June 30, 2005, she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d).

The Magistrate Judge focused on a single day but the Plaintiff alleges that substantial evidence in the record demonstrates that she was disabled prior that date. For example, the Plaintiff presented evidence that her post-traumatic stress disorder and anxiety disorders met the Listing 12.06 criteria from 1996 through 2002 and then again in 2010, which the Magistrate Judge credited. *See* ECF No. 12 at 9 ("There is little dispute that Carter's impairments were severe, i.e. resulted in significant limitations in her ability to do basic work activities, from approximately 1996 through 2001 and then again starting in approximately 2010."). However, there is

competing evidence in the record suggesting that the Plaintiff's condition materially improved between approximately 2002 and 2010 to the point that she was no longer disabled.

The Plaintiff has not demonstrated that any alleged disability she experienced before 2005 continued after 2002 through the period in which she alleges onset.  Rather, the evidence supports a finding that the Plaintiff was *not* disabled for at least twelve months before the alleged onset date.  *See* ECF No. 12 at 11 ("[T]he evidence demonstrates that, for well over two years before June 30, 2005, Carter's physical symptoms-including fibromyalgia and migraine headaches-were stable; and she was able to function without significant limitations."); *Id.* at 12-13 ("The record reflects that Carter had no mental health treatment with a psychiatrist or psychologist for several years before and several years after her alleged disability onset date and date last insured of June 30, 2005.").  The Court therefore agrees that the Plaintiff has not proven that she had a medically severe impairment or combination of impairments as of June 30, 2005 and thus adopts the Magistrate Judge's recommendation in full.

Defendant's motion for order affirming the acting commissioner's decision (ECF No. 7) is **GRANTED** and plaintiff's motion to reverse the same (ECF No. 5) is **DENIED.**

This case is dismissed.

Dated at Burlington, in the District of Vermont, this 13th day of March, 2015.

                                              /s/ William K. Sessions III
                                              William K. Sessions
                                              District Court Judge